IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      CIVIL ACTION NO.   3:14-23507

$8,500, MORE OR LESS,
IN UNITED STATES CURRENCY,

        Defendant,

AND

WILLIAM PETTIES,

        Interested Party.
        (Criminal Action No. 3:14-0050-15)

**MEMORANDUM OPINION AND ORDER**

        Pending before the Court is the United States' Motion to Strike Claimant [William] Petties' Answer for Failure to Comply with Supplemental Rule G(5). ECF No. 9.   Mr. Petties has not responded to the motion and the time to file such response has expired.   Upon consideration, and for the following reasons, the Court **GRANTS** the motion and **STRIKES** Mr. Petties' Answer.

        After nearly a year-long investigation into a drug-trafficking organization in which Mr. Petties was a member, a search was conducted of Mr. Petties' girlfriend's residence on January 20, 2014, where Mr. Petties stayed on a regular basis.   During the search, officers seized a

loaded Springfield .40 caliber pistol, three gallon-sized bags of marijuana, two smaller bags of marijuana, 46 prescription pills, digital scales, $9,075.00 in U.S. currency, and cellular telephones.

On March 4, 2014, a federal grand jury returned a 34-count indictment against Mr. Petties and fourteen other individuals on various drug and weapon violations. On May 19, 2014, Mr. Petties entered a plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 15, 2014, Mr. Petties was sentenced to 46 months imprisonment.

In the meantime, the Government initiated the instant action by filing a Verified Complaint of Forfeiture. The Verified Complaint seeks forfeiture to the United States of $8,500, more or less, in United States currency seized from an upstairs bedroom during the search. It further asserts the money was used, or was intended to be used, in the commission of controlled substance offenses. Therefore, the Government seeks a

> warrant in rem issue for the arrest of the Defendant Currency, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

*Verified Compl. of Forfeiture*, at 6-7.

On August 4, 2014, Mr. Petties, through counsel, filed an Answer. ECF No. 6. In his Answer, Mr. Petties asserts the Verified Petition should be denied because the currency was not illegally obtained. In support, Mr. Petties attached to his Answer a notarized bill of sale of a vehicle for $8,500, dated January 19, 2014, one day prior to the search of the residence. In

response, the Government moves to strike the Answer for failing to comply with Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules).

Rule G(5) provides that, not only must a claimant "file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim," but also "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Rule G(5), in part; *see also* 18 U.S.C. § 983(a)(4) (providing, in part, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules"). A verified claim is important to protect against the filing of false or frivolous claims. *See United States of America v. $104,250.00 in U.S. Currency*, 947 F. Supp.2d 560, at 564 (D. Md. 2013) (stating "[t]he only safeguard the courts have against the filing of false claims in . . . *in rem* proceeding is the threat that the filing of a false claim will trigger a perjury persecution"). An answer to a Verified Complaint does not constitute a verified claim under Rule G(5) or 18 U.S.C. § 983(a)(4)(A). Rule G(8)(c)(i) also provides that "the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing." Rule G(8)(c)(i). "A claimant who fails to file a verified claim has no standing to contest a forfeiture." *U.S. v. One 2003 Mercedes Benz CL500*, No. PWG-11-3571, 2013 WL 3713903, at *2 (D. Md. July 15, 2013) (citing *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 665-66 (3rd Cir. 2007)).

In this matter, Mr. Petties failed to file a verified claim or even respond to the Government's motion to strike as the result of such failure. Accordingly, as a verified claim has

not been filed, the Court finds Mr. Petties does not have standing, and the Court **GRANTS** the Government's motion to strike his Answer.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

      ENTER:    December 16, 2014

      ROBERT C. CHAMBERS, CHIEF JUDGE